**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| CLEVELAND WHITE, | : | |
| Plaintiff, | : | Case No.  3:05CV107 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| DAYTON POLICE DEPARTMENT, *et al*., | : | |
| | : | |
| Defendants. | | |

**REPORT AND RECOMMENDATIONS[1]**

**I.     INTRODUCTION**

Plaintiff Cleveland White claims that two City of Dayton police officers, Defendants Hernandez and Fuller used excessive force to effect his arrest in August 2004.[2]  The sole remaining claim raised in Plaintiff's Complaint is that Defendants used excessive force against him, even though he "stated on numerous occasions that [he was] mentally and physically disabled, and that [he was] getting out of the vehicle."  (Doc. #1 at 5).  Plaintiff seeks to recover compensatory and punitive damages.  *Id*. at 6.

Liberally construing Plaintiff's *pro se* Complaint in his favor, he raises a claim under 42 U.S.C. §1983 based on a purported violation of his rights under the Fourth Amendment to the

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2]  The Court previously dismissed the City of Dayton Police Department, the only other defendant named in the Complaint.  (Doc. #s 4, 9).

United States Constitution. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001)(citing *Graham v. Connor,* 490 U.S. 386, 394 (1989)).

The case is before the Court upon Defendants' Motion for Summary Judgment. (Doc. #31). Defendants contend that summary judgment is warranted on the merits of Plaintiff's Fourth Amendment claim, because the amount of force they used to effect his arrest was objectively reasonable under the totality of the circumstances. In support of this contention, Defendants rely on the affidavit of Officer Hernandez. (Doc. #31, Exhibit 1).

Plaintiff has not responded to Defendants' Motion for Summary Judgment even though the Court provided him with separate Notice of the Motion and instructed him about his burden to produce evidence in support of his claims. (Doc. #32). The Court also notified Plaintiff that his failure to file a response to Defendants' Motion by January 8, 2007 may result in dismissal of his claims. *Id*.

## II.  FACTUAL BACKGROUND AND DEFENDANTS' MOTION

In the absence of any opposition by Plaintiff, Officer Hernandez's description of the events surrounding Plaintiff's arrest are uncontroverted. These events evolved as follows:

While on patrol as a City of Dayton Police Officer, Officer Hernandez stopped a car driven that had "run a stop sign." (Doc. #31, Exh. 1 at p.1). Plaintiff was the driver. Upon approaching Plaintiff's car, Officer Hernandez instructed Plaintiff to turn off the car. Plaintiff complied.

When checking the identity of the female passenger in Plaintiff's car, Officer Hernandez learned that an arrest warrant had been issued for her. Officer Hernandez then arrested the

passenger.

During the arrest, Plaintiff began yelling at Officer Hernandez. Plaintiff also started his car. Officer Hernandez told Plaintiff numerous times to turn off his car and get out of the car. Plaintiff refused to leave his car.

Officer Hernandez then called police dispatch for backup. While waiting for backup to arrive, Officer Hernandez again instructed Plaintiff to get out of his care and he refused. Hernandez then grabbed Plaintiff's left hand and attempted to pull him out of the car but he resisted and pushed Officer Hernandez away.

Officer Fuller soon arrived and attempted to help Hernandez remove Plaintiff from the car. They, however, did not succeed because he continued to physically resist. Officer Hernandez then warned Plaintiff that if he did not get out of the vehicle he would pepper spray him. Plaintiff again refused, and Officer Hernandez sprayed Plaintiff "with one short blast of pepper spray." (Doc. #31, Exh. 1 at p.2). Plaintiff then stopped resisting, and Officers Hernandez and Fuller removed him from the car.

Plaintiff was arrested and charged with resisting arrest, obstruction of official business, and disorderly conduct.

### III. SUMMARY JUDGMENT STANDARDS

A moving party is entitled to summary judgment in its favor if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247 (1986). To determine if a genuine issue of material fact exists, the Court accepts the nonmoving party's evidence as true and draws all reasonable inferences in the

nonmoving party's favor. *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *see Little Caesar Enterprises, Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir. 2000); *see Holiday v. City of Chattanooga*, 206 F.3d 637, 642 (6th Cir. 2000).

"The burden placed upon the movant for summary judgment is to show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden at trial." *Guarino v. Brookfield Tp. Trustees,* 980 F.2d 399, 403 (6th Cir. 1992); *see Hager v. Pike County Bd. of Education*, 286 F.3d 366, 370 (6th Cir. 2002). If the movant makes this showing, the nonmoving party may not rely on the bare allegations of the Complaint but must present affirmative or "significant probative evidence" in support of his or her claims. *Chao v. Hall Holding Co., Inc*., 285 F.3d 415, 424 (6th Cir. 2002); *see Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994); *see also Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992). The purpose driving this requirement is that summary judgment is designed to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Lenz v. Erdmann Corp*., 773 F.2d 62, 66 (6th Cir. 1985)(citation omitted); *see Matsushita*, 475 U.S. at 587.

The Court is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Guarino,* 980 F.2d at 404; *see InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Rather, the burden falls squarely on the nonmoving party to designate specific facts or evidence in dispute. *See Anderson*, 477 U.S. at 250; *see also Adams*, 31 F.3d at 379; *Guarino*, 980 F.2d at 404-05; *Street*, 886 F.2d at 1479-80.

Ultimately, the Court must determine at the summary-judgment stage whether the

evidence presents a sufficient disagreement to require submission of the challenged claim or claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 251-52; *see Little Caesar Enterprises*, 219 F.3d at 551.

**IV.     DISCUSSION**

To prove his excessive force claim under 42 U.S.C. §1983, Plaintiff must show, in part, that Officers Hernandez and Fuller violated his rights under the Fourth Amendment. *See Markva v. Haveman*, 317 F.3d 547, 552 (6th Cir. 2003); *see also Kostrzewa*, 247 F.3d at 639. The Fourth Amendment to the United States Constitution grants "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures...." U.S. Const. amend. IV.

"'*[A]ll* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen, should be analyzed under the Fourth Amendment and its 'reasonableness' standard.'" *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)(quoting *Graham v. Connor,* 490 U.S. 386, 395 (1989))(emphasis in both *Graham* and *Sigley*).

> In determining whether an officer's actions were reasonable, the specific facts of each case are key.... Courts should pay particular attention to 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.' While courts must look to the totality of the circumstances in determining whether a seizure was reasonable, they must be sure to view those facts 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'

*Kostrzewa*, 247 F.3d at 639 (quoting in part *Graham*, 490 U.S. at 396). The test is, in light of the above considerations and without regard to the police officer's subjective motivations, did the

officer use an objectively reasonable amount of force in the particular situation he or she faced. *See Kostrzewa*, 247 F.3d at 639; *see also Adams*, 31 F.3d at 385.

Because Plaintiff has not opposed Defendants' motion for summary judgment, he has not met his burden of pointing to affirmative evidence conflicting with the facts asserted in Officer Hernandez's affidavit. As a result, there is no genuine dispute over the following facts: (1) Plaintiff argued with Officer Hernandez about arresting his passenger; (2) Plaintiff repeatedly refused to comply with Officer Hernandez's instructions to turn off and exit the car; (3) when Officer Hernandez attempted to remove Plaintiff from the car, he resisted by pushing Officer Hernandez away; (4) Officer Hernandez again instructed Plaintiff to exit his car, but he again refused; (5) both Officers Hernandez and Fuller attempted to remove Plaintiff from the car but he continued to resist; (6) Officer Hernandez then warned Plaintiff that he would be pepper sprayed, but this did not convince him to exit the car; (7) Officer Hernandez then sprayed Plaintiff with a short burst of pepper spray, and he exited the car.

In light of these undisputed facts, under the totality of circumstances the Officers faced, the minimal amount of force – a short blast of pepper stray, after a verbal warning – used to effect Plaintiff's arrest was not objectively unreasonable. *Cf. Lyons v. City of Xenia*, 417 F.3d 565, 577-78 (6th Cir. 2005)(and cases cited therein). Even if, as Plaintiff alleges in his Complaint, he told the Officers that he was disabled and that he was getting out of the car, Plaintiff has not met his burden in opposition to Defendants' Motion for Summary Judgment to produce affirmative evidence supporting these allegations. *See Adams*, 31 F.3d at 379 ("The non-moving party may not rely on his pleadings alone, but must demonstrate the existence of a genuine issue for trial by pointing to 'specific facts' that create such an issue."). Consequently,

6

the record lacks a genuine dispute over the above-listed facts including, but not limited to, the fact that Plaintiff continually refused to exit the car in compliance with Officer Hernandez's instructions and physically resisted removal until a minimal amount of force was required to effect his removal and arrest. Consequently, the minimal amount of force used to effect Plaintiff's arrest was objectively reasonable.

Accordingly, Defendants' Motion for Summary Judgment is well taken.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (Doc. #31) be GRANTED;

2. Plaintiff's Complaint be DISMISSED;

3. The Court certify pursuant to 28 U.S.C. §1915(a) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied. If so certified, Plaintiff – a non-prisoner – would remain free to apply to proceed *in forma pauperis* in the United States Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); and

4. The case be terminated on the docket of this Court.


April 4, 2007	s/Sharon L. Ovington
	Sharon L. Ovington
	United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).